EARL TAYLOR, Petitioner, *v.* THE STATE OF MONTANA AND WARDEN of the MONTANA STATE PRISON, Respondents.

No. 12219.
Feb. 14, 1972.
Supplemental Opinion Feb. 17, 1972.
499 P.2d 806.

ORDER

PER CURIAM:

Petitioner Earl Taylor seeks a writ of habeas corpus and appears pro se. He is confined in the Montana State Prison following his trial and conviction of the crimes of robbery and assault in the district court of Cascade County before the Hon. Truman Bradford, one of the judges of said court.

Petitioner makes many allegations about the procedures

during his arrest and trial, such as that his identification was without the presence of counsel; that certain evidence was illegally obtained; that his court appointed counsel was incompetent in that said counsel did not call as witnesses certain persons whose testimony petitioner deems favorable to his defense; as examples of petitioner's contentions.

Petitioner has also filed a previous petition in this Court which makes other allegations and also seeks a writ of habeas corpus, and we join this petition with the later one hereinabove referred to.

No record of the proceedings in the trial court are before us, nor is there a transcript of the evidence produced at the trial, and it is not possible for us to consider petitioner's contentions without being familiar with the record. The district judge who presided at the trial and other proceedings would be familiar with many of the matters complained of and in addition has access to the record and the reporter's notes which are on file in his court, and these petitions should first be referred to that judge for consideration and determination of the allegations contained therein as may be proper and required under the laws of this state, and we direct said judge to hold an evidentiary hearing, appoint counsel for petitioner and provide for the presence of petitioner thereat, and make a full report to this Court thereon.

It is so ordered.

## SUPPLEMENTAL OPINION

On February 14, 1972, this Court forwarded to the district court in Cascade County two petitions for writs of habeas corpus which were filed by petitioner, pro se, and requested said court to proceed to hear said petitions since the records were in that court and we were unaware that petitioner was represented by counsel.

We have been advised by the district judge that an appeal has been taken by petitioner and we note it was filed in this

Court on February 16, 1972, and that he is represented by counsel.

We do not accept pro se petitions when the applicant is represented by counsel because counsel can properly present such matters and should be permitted to do so without interference from his client, and for that reason the relief requested is denied and this proceeding is dismissed.